Avert, J.
The plaintiff by this demurrer objects, first, to the form of the plea, but he strikes also at the foundation of the defense ; claims that the law on which it rests is void, and that the court shall so determine in his behalf.
If, in the progress of a cause, a question of constitutional law necessarily arises, bearing upon the rights of litigant parties, it will, of course, be met and determined. It is not, at this late day, a matter of debate whether the courts of this country are to decide upon the binding obligation of a law, and to refuse to give effect to its provisions, if opposed to the constitution under which it was enacted.
The plaintiff asserts that the' law reaea upon in this piba is not authorized by the constitution of the United States. Under that constitution it is declared that laws which shall be made in pursuance thereof shall be the supreme law of the land; that courts shall be established, and that their judicial power shall extend to all cases arising under the constitution and laws of the United States. The ultimate jurisdiction over the question involved in this case resides, then, in these courts of the United States. They have exercised the jurisdiction and decided upon *14 all the questions raised here, and *have pronounced the bankrupt law to be constitutional. This law, therefore, if the defendant brings himself within its provisions, will furnish him a complete defense.
The next inquiry is, has he complied with the forms of law in presenting his defense?
It is said that he should have filed a plea puis darrein continuance. This he has done, employing the very words used in what are regarded as approved forms. Nor is it necessary, according to the same authority, to state the time when he pleads. Further, it is said that the matter of the plea arose before the last continuance. If a penalty so severe could ever bo inflicted for omitting to file such a plea in time, it would not be after the proper court had given leave to file it.
It is objected also that the various proceedings by which the bankrupt obtained his certificate are not set out in the plea. To this objection it is sufficient to reply that the act which gives the defense points out itself what shall constitute a plea in law, and the requirements of the act, in that particular, have been complied with in framing this plea.
The seventh and last cause of demurrer specified is the general one, that the plea is, in other respects, insufficient.
We have not discovered any of the defects complained of. On the contrary, we regard the plea as containing all the material and formal averments under the act, and that it is to be avoided, if at all, by facts set up in a replication.
Demurrer overruled.